## WINNSBORO COTTON OIL MILL CO. v. AZBELL. (No. 1613.)*

(Court of Civil Appeals of Texas. Texarkana. April 20, 1916. Rehearing Denied May 4, 1916.)

MASTER AND SERVANT ☞286(6), 288(1), 289(1) — INJURIES TO SERVANT — ACTIONS — EVIDENCE.

In an action by a servant, who was hurt when a board from a cotton conveyer turned, the question whether he was furnished a safe place of work, as well as the questions whether he assumed the risk, or was guilty of contributory negligence, held for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010, 1017, 1068. 1069, 1087–1089; Dec. Dig. ☞286(6), 288(1), 289(1).]

Appeal from District Court, Wood County; W. R. Heath, Judge.

Action by Carl E. Azbell against the Winnsboro Cotton Oil Mill Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lee, Lomax & Smith, of Ft. Worth, and M. D. Carlock, of Dallas, for appellant. J. H. Beavers and W. G. Russell, both of Winnsboro, for appellee.

HODGES, J. This is a suit for personal injuries, instituted by the appellee against the appellant. It is alleged that the appellant was the owner of and was operating, in January, 1913, an oil mill for crushing cotton seed; that appellee was employed to feed the seed conveyor, and that while so doing he stepped upon a loose plank placed as a covering over the conveyer; that the plank turned, and his foot slipped down into the machinery, and the injuries complained of were sustained. The negligence charged was the placing of a loose plank, with long nails protruding on the under side, as a covering for the conveyer. A trial before a jury resulted in a judgment in favor of the appellee for the sum of $1,000.

In this appeal it is contended that the evidence was insufficient to support the finding of the jury. This defense is presented in different forms, and based upon different propositions. It is insisted that there was no evidence of negligence, and that, if there was any danger in the situation attending the injury, it was assumed by the appellee, and also that he was guilty of contributory negligence in the matter in which he was performing his work. It is undisputed that the appellee was injured as alleged. No other person was present, and his testimony is the only evidence to which the jury could look in determining the issues of fact. He testified that his employment began on the day of the injury; that he worked until noon at unloading seed; that in the afternoon he was put in the seedhouse and directed to shovel seed into the conveyer. The seedhouse had a concrete floor, through the center of which ran a trench, in which the conveyer, a spiral or auger-shaped shaft, revolved. The conveyer, he says, was covered at the end where he began work with a large grain door; an opening at one end of the door was left, into which the seed were to be thrown. He worked along, feeding from each side of the conveyer, until he reached a point beyond the grain door, and there found that the conveyer was covered by short pieces of plank lying crosswise. It became more convenient for him to use his hands in pulling the seed down from the walls on each side, and while so doing he placed his foot on one of the planks across the conveyer for the purpose of reaching up higher, and when his weight was placed upon that foot the plank turned, and his foot slipped and went down among the machinery. Examination disclosed the fact that the plank upon which he had stepped had large nails in each end of it, driven entirely through and protruding on the other side; and this was the cause of the plank's turning. No contention is made that the court erred in the manner in which the issues of fact involved in the case were presented.

We are of the opinion that the testimony was of such character that the jury was justified in concluding that the appellant had furnished the appellee an unsafe place in which to perform his work. According to his testimony, he was an inexperienced man, and knew nothing about the situation, except what ordinary observation would disclose as he proceeded with his work. We are also of the opinion that the conditions were not such that we could say, as a matter of law, that the appellee assumed the risk, or that he was guilty of contributory negligence in the manner in which he was performing his work.

The judgment is therefore affirmed.